JUSTICE GRAY,
specially concurring.
¶41 I concur in the results reached by the Court and in most of the analysis used to reach those results. I write separately primarily to clarify the reasons for my concurrence, since I am not persuaded those reasons are clear from the Court’s opinion.
¶42 In reviewing the various Restatement sections at issue in this case, it is apparent that liability can attach only to an owner or general contractor — that is, one who employs an independent contractor to perform work. In this case, Butte-Silver Bow did not “employ” either Quinlan or Simpson in the usual sense of the word. However, Butte-Silver Bow and Quinlan reached an oral agreement pursuant to which Quinlan agreed to dig the trench to replace Butte-Silver Bow’s old two-inch water line along Taft Street with six-inch pipe. Moreover, comment a. to Restatement § 409 defines independent contractor as “any person who does work for another under conditions which are not sufficient to make him a servant of the other. It is immaterial whether the work is done gratuitously or is done for pay....” Under the circumstances present in this case, therefore, I conclude that Butte-Silver Bow was the employer of Quinlan, who filled the “general contractor” role in Restatement parlance, and, in turn, that Simpson — Beckman’s employer — was the subcontractor. Finally, as the Court observes, “Beckman was injured in the trench dug along Taft Street [by Simpson] in order to update Butte-Silver Bow’s two-inch main.” Thus, the accident and injury occurred on the Butte-Silver Bow portion of the project, thereby bringing Butte-Silver Bow into the picture as a potential tortfeasor.
*405 ¶43 With regard to Butte-Silver Bow’s primary argument that the Bechtel, Big Horn and Micheletto Trilogy should be retained on stare decisis grounds, I would agree if it were not so clear that those cases were “manifestly wrong.” After close study of Beckman’s analyses pointing out the error therein, the inherently dangerous activity exception set forth in those cases simply does not withstand scrutiny. It appears that those decisions were based on only a surface look at the Restatement and not on any substantive review of the related discussions and comments which are intended to further illuminate the black-letter law set forth in the various sections.
¶44 Nor does Butte-Silver Bow advance any substantive argument under which those decisions are legally supportable. It merely points out that federal courts applying Montana law have followed our rulings. To say so, however, is merely to state the obvious — that federal. courts applying Montana law are bound by this Court’s precedents on questions of Montana law. That the federal courts have well and truly discharged their obligation does not add weight or authority to the legal soundness of the decisions.
¶45 In addition, Butte-Silver Bow’s contention at oral argument that, in the event we overrule the Trilogy, our decision should be prospective because Butte-Silver Bow was entitled to rely on settled Montana law, must be rejected. While the contention has surface appeal on fairness grounds, and while it is asserted with some frequency in cases which might involve a change in controlling law, the fact is that the “prospective application” argument would result in this Court issuing an entirely advisory opinion which would not settle the law in the case before us on appeal. Such an approach or any permutation thereof would obliterate our raison d’etre.
¶46 Having agreed with the Court’s analysis of Butte-Silver Bow’s potential tort liability under various Restatement sections and, specifically, under §§ 416 and 427 — the exceptions to the general rule that employers are not liable for the torts of their independent contractors— I must express concern about where this decision will take both this Court and those subject to it. Under § 409, the general rule remains that employers are not liable for the torts of their independent contractors or subcontractors. Thus, it is incumbent on us to apply the exceptions narrowly, as the Court expressly undertakes to do, lest we allow the exceptions to swallow the general rule.
¶47 Finally, I do not agree with one portion of the language used by the Court in its discussion of negligent exercise of retained control. I *406 do not think liability can be premised on the language in Butte-Silver Bow’s Water Main Extensions document which says Butte-Silver Bow “may provide supervision” over a water extension project. The fact that supervision may be provided is, in my view, insufficient to either require supervision or ground liability on any failure to provide supervision. I do agree, however, that the provision making Butte-Silver Bow responsible for furnishing a qualified construction inspector “for monitoring all construction work” performed pursuant to the Water Main Extensions document is sufficient to establish potential liability for Butte-Silver Bow in this case.